## NETTER v. COLEMAN et al.
### No. 3883.

Court of Civil Appeals of Texas. Amarillo.
Oct. 11, 1933.

Rehearing Denied Nov. 1, 1933.

Lockhart & Brown, of Lubbock, for appellant.

Vickers & Campbell, Clyde F. Elkins, and M. M. Coleman, all of Lubbock, for appellees.

MARTIN, Justice.

Two trespass to try title cases instituted by appellant in district court of Lubbock county against M. M. Coleman and Clyde F. Elkins, respectively, were consolidated and tried and disposed of together. Since a discussion and disposition of one sufficiently disposes of both, we mention herein only the Coleman case.

The appellant is a negro. He owned on and long prior to September 1, 1931, all of lots 17 and 18, block 204, town of Lubbock. Their combined area was 52 feet by 125 feet; each of his lots being 26 feet wide and facing east. Prior to said last date he lived with his family in what is called by some of the witnesses the "big house." This structure was about midway between the north and south lines of his property. He had two rent houses near the south line of and upon lot 17. These he continuously rented. Coleman obtained judgment against appellant and purchased at sheriff's sale under his judgment 17⅓ feet off the south side of lot 17 about September 1, 1931. Within this area are the rent houses. Appellant instituted suit against Coleman for this property, claiming it was part of his homestead. At the first trial the title to the entire 17⅓ feet was adjudged to be in Coleman. A later survey indicated that Coleman's north line conflicted with appellant's actual homestead. A new trial was granted. Upon a second trial before the court, Coleman was adjudged title to 14 feet off the south side of lot 17 for a distance of 75 feet and 15 feet for the remaining distance of 50 feet.

The court specifically found: "That the above described property on September 1, 1931, and long prior thereto did not and does not at this time constitute any part of the actual residence homestead of the plaintiff, and therefore said property above particularly described was subject to the execution, levy and forced sale. * * *"

The alleged insufficiency of the evidence to support this finding is the controlling question presented.

An examination of the evidence convinces us that it sufficiently, though somewhat meagerly perhaps, supports the court's finding. The inference is justified, we think, that the property in question was set apart as rental property with no intention of using it again for residence purposes. There is no conclusive showing of a mere temporary renting.

The entire record sufficiently raises an issue of fact on appellant's homestead claim, and we are therefore bound by the trial court's holding. Thornton v. Wear (Tex. Civ. App.) 202 S. W. 1038; Langston v. Maxey, 74 Tex. 155, 12 S. W. 27; Hendrick v. Hendrick, 13 Tex. Civ. App. 49, 34 S. W. 804.

The appellant recovered a small strip of land, as already indicated. Costs were adjudged against him. The claim is made that since he recovered a substantial portion of the property sued for, he was entitled to his costs. The matter of adjudging costs in cases of this character is left largely to the discretion of the trial court. 11 Tex. Jur. 229, § 3. The small recovery of appellant would not justify us in holding that the court abused his discretion, or that same was inequitable under the particular facts here. 11 Tex. Jur. p. 239.

The judgment is affirmed.